UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                          22 Cr. 673 (RA)

ZIXIAO WANG,


                  Defendant.

                                          Plea
------------------------------x

                                          New York, N.Y.
                                          December 19, 2022
                                          11:00 a.m.


Before:


                    HON. RONNIE ABRAMS,

                                          District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  NICOLAS ROOS
     DANIELLE SASSOON
     Assistant United States Attorneys

ILAN GRAFF
ALEX MILLER
     Attorneys for Defendant

ALSO PRESENT:
Evelyn Alvayero, U.S. Pretrial Services

1          (Case called)

2          MR. ROOS:  Good morning, your Honor.

3          Nick Roos, Danielle Sassoon, and Evelyn Alvayero, from

4     pretrial services.

5          THE COURT:  Good morning to all of you.

6          MR. GRAFF:  Good morning, your Honor.  Ilan Graff for

7     Mr. Wang, who is standing to my right.

8          I am joined by my colleague Alex Miller.

9          THE COURT:  Good morning to all of you.  You can be

10    seated.  So are we all ready to get started?

11         MR. ROOS:  Yes, your Honor.

12         THE COURT:  Mr. Wang, I understand that you wish to

13    plead guilty to Counts One through Four of the information.

14         Is that correct?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Okay.  Before deciding whether to accept

17    your plea, I am going to ask you certain questions so that I

18    can be sure that you understand your rights and that you are

19    pleading guilty voluntarily and because you are guilty and not

20    for some other reason.  So it is important that you answer my

21    questions honestly and completely.

22         If at any time you are having trouble understanding

23    anything or you want to talk to your lawyer, just let me know.

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Mr. Fields, could you please place

1    Mr. Wang under oath.

2              (Defendant sworn)

3              THE COURT:  All right.

4              You are now under oath.  So you should know that if

5    answer any of my questions falsely, you could be charged with a

6    separate crime, perjury.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  I am going to start by asking you some

10   questions to ensure that you are competent to plead guilty.

11   These are questions that I ask of everyone in your position.

12             So, first, how old are you?

13             THE DEFENDANT:  Twenty-nine.

14             THE COURT:  How far did you go in school?

15             THE DEFENDANT:  I graduated college.

16             THE COURT:  Are you currently or have you recently

17   been under the care of a medical professional, psychiatrist, or

18   other mental health care provider?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  Have you ever been hospitalized for mental

21   illness, alcoholism, or drug addiction?

22             THE DEFENDANT:  No.

23             THE COURT:  In the past 24 hours have you taken any

24   drugs, medicine, or pills or drunk any alcoholic beverages?

25             THE DEFENDANT:  No.

1          THE COURT:  Is your mind clear today?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Do you understand what's happening in

4     these proceedings?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Does either counsel have any doubts as to

7     the defendant's competence to plead guilty at this time?

8          MR. ROOS:  No, your Honor.

9          MR. GRAFF:  No, your Honor.

10          THE COURT:  On the basis of Mr. Wang's responses to my

11    questions and my observations of his demeanor here in court and

12    representations of counsel, I find that he is fully competent

13    to enter an informed plea of guilty at this time.

14          Have you had enough time and opportunity to discuss

15    your case with your attorney, including the nature of the

16    charges to which you intend to plead guilty, any possible

17    defenses you may have, and the rights that you will be giving

18    up by pleading guilty?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  All right.  Has your attorney discussed

21    with you the consequences of pleading guilty?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  All right.  Are you satisfied with your

24    attorney's representation of you?

25          THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Okay.  So now what I want to talk about is

2    the charging instrument.  It a superseding information.  That's

3    the document, the charge that the government is seeking to file

4    in this case.

5          Have you received a copy of the superseding

6    information?

7          It's titled S1 22 Cr. 673.

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Have you reviewed it?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Have you discussed it with your attorney?

12         THE DEFENDANT:  Yes.

13         THE COURT:  So under our legal system, before you or

14   anyone else can be charged with a felony offense, the

15   government is obligated to go to a grand jury, which must

16   decide whether there's probable cause to believe that an

17   offense was committed and that you committed it.  And that

18   decision may result in what's called an indictment.

19         I want to make sure that you understand that by

20   allowing the government to charge you by way of this

21   information, you are waiving, or giving up, your right to be

22   charged by a grand jury in an indictment?

23         Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do I have the signed waiver of indictment

1  forms?

2          Do you have a signed version?

3          MR. ROOS:  We have a signed one.  I think we probably

4  actually should sign it again because it is already witnessed.

5  So I have a second copy.  I will just pass it back to counsel

6  right now.

7          THE COURT:  Why don't you do that.  All right.

8          So, Mr. Wang, I understand and witnessed that you just

9  signed this waiver of indictment form.

10          Did you discuss this form before signing it with your

11  attorney?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Okay.  Again, you understand that you are

14  agreeing to give up your right to be charged by a grand jury?

15          Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Were any threats or promises made other

18  than by the prosecution in the written plea agreement to get

19  you to waive indictment?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Okay.  Does either counsel have any reason

22  to believe that Mr. Wang has not knowingly and voluntarily

23  waived his right to be charged by a grand jury?

24          MR. ROOS:  No, your Honor.

25          MR. GRAFF:  No, your Honor.

1          THE COURT:  Okay.

2          I find that he has knowingly and voluntarily waived

3     his right to be charged by a grand jury, and I authorize the

4     filing of the superseding information.

5          Now what I am going to do is I am going to explain

6     certain constitutional rights that you have.  These are rights

7     that you will be giving up if you enter a guilty plea.

8          So, first, under the Constitution and laws of the

9     United States, you have a right to plead not guilty to the

10    charges in that superseding information.

11         Do you understand that?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  If you did plead not guilty, you would be

14    entitled under the Constitution to a speedy and public trial by

15    jury of those charges.

16         Do you understand that?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  In advance of trial, if you chose to go to

19    trial, you would have the opportunity to seek suppression of

20    any or all of the evidence against you on the basis that it was

21    obtained in violation of the Constitution.

22         Do you understand that?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  At trial, again, if you chose to go to

25    trial, you would be presumed innocent.  That means that you

1    would not have to prove that you were innocent.  Instead, the

2    government would need to prove your guilt beyond a reasonable

3    doubt before you could be found guilty.

4            So even if you did nothing or said nothing at trial,

5    again, if you chose to go to trial, you could not be convicted

6    unless a jury of 12 people agreed unanimously that you are

7    guilty.

8            Do you understand that?

9            THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  During trial, if you chose to go to trial,

11    the witnesses for the prosecution would have to come to court

12    and testify in your presence, where you could see them and hear

13    them and your lawyer could cross-examine them.

14            If you wanted to, your lawyer could offer evidence on

15    your behalf.  You would be able to use the Court's power to

16    compel or force witnesses to come to court to testify

17    truthfully in your defense, even if they didn't want to come.

18            Do you understand that?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  At trial, again, if you went to trial, you

21    would have the right to testify if you wanted to, but you would

22    also have the right not to testify, and if you chose not to

23    testify, that could not be used against you in any way.  So no

24    inference or suggestion of guilt would be made from the fact

25    that you chose not to testify.

```
1                   Do you understand that?

2                   THE DEFENDANT:  Yes, your Honor.

3                   THE COURT:  All right.  At trial and at every stage

4    your case, you would be entitled to be represented by an

5    attorney.  And if you could not afford an attorney one would be

6    appointed at public expense, meaning free of cost, to represent

7    you?

8                   Do you understand that?

9                   THE DEFENDANT:  Yes, your Honor.

10                  THE COURT:  If you are convicted at trial, you would

11   have the right to appeal that verdict to a higher court.

12                  Do you understand that?

13                  THE DEFENDANT:  Yes, your Honor.

14                  THE COURT:  As I said before, you have the right to

15   plead not guilty.  So even as you sit here right now for

16   purposes of entering a guilty plea, you have the right to

17   change your mind and to go to trial.  But if you do plead

18   guilty and I accept your plea, there will be no trial, and you

19   will be giving up the rights that I just described.

20                  If you plead guilty, all that will remain to be done

21   is for me to impose sentence at the appropriate time.  I will

22   enter a judgment of guilty and sentence you on that basis after

23   considering whatever submissions I get from you, from your

24   lawyer, the government, as well as a presentence report

25   prepared by the probation department.  But there will be no
```

1    appeal with respect to whether the government could use the

2    evidence it has against you or with respect to whether you did

3    or did not commit the crime.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  If you plead guilty, you will also have to

7    give up your right not to incriminate yourself, because I am

8    going to ask you certain questions here in court today in order

9    to satisfy myself that you are in fact guilty as charged.

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Okay.  So I understand that you seek to

13   plead guilty to Counts One through Four of the superseding

14   information and admit to the forfeiture allegation.

15             I am going ask the government to please state the

16   elements of the offenses in question.

17             MR. ROOS:  Yes, your Honor.

18             Counts One and Two of the information charge the

19   defendant respectively with conspiracy to commit wire fraud and

20   wire fraud.

21             The elements of the first count, conspiracy to commit

22   wire fraud are:

23             First, the existence of a conspiracy to commit wire

24   fraud; and

25             Second, that the defendant knowingly and willfully

1  became a member of and joined in the conspiracy.

2       The elements of wire fraud itself, which is the object

3  of Count One and the substantive crime of Count Two, are:

4       First, that there was a scheme or artifice to defraud

5  or to obtain money or property by materially false or

6  fraudulent pretenses, representations, or promises;

7       Second, that the defendant knowingly participated in

8  the scheme or artifice to defraud with knowledge of its

9  fraudulent nature and with the specific intent to defraud or

10  that he knowingly and intentionally aided and abetted others in

11  the scheme; and

12       Third, that in the execution of that scheme, the

13  defendant used or caused the use of interstate or foreign

14  wires.

15       Counts Three and Four of the indictment both charge

16  the defendant with a violation of Title 18, United States Code,

17  Section 371.

18       Count Three is a conspiracy to commit commodities

19  fraud.

20       Count Four is a conspiracy to commit securities fraud.

21       The conspiracy under Section 371 has three elements:

22       First, that two or more persons entered into an

23  unlawful agreement charged in the specific count;

24       Second, that the defendant knowingly and willfully

25  became a member of that alleged conspiracy; and

1   Third, that one of the members of the conspiracy

2   knowingly committed at least one overt act in furtherance of

3   the conspiracy.

4   So for Count Three the object of the conspiracy is a

5   conspiracy to commit commodities fraud, in violation of Title

6   7, United States Code, Section 9(1)(13)(a)(5) and Title 17 Code

7   of Federal Regulations 180.1.

8   There are three elements to this crime:

9   First, in connection with any swap or contract of sale

10  of any commodity in interstate commerce or contracts for future

11  delivery on or subject the rules of any registered entity;

12  Second, the defendant or any of his coconspirators did

13  any one or more of the following:

14  (a) employed, attempted, to use or employ a

15  manipulative device, scheme, or artifice to defraud;

16  (b) made or attempted to make an untrue or misleading

17  statement of a material fact or omitted to state a material

18  fact necessary in order to make statements not untrue or

19  misleading; or

20  (c) engaged or attempted to engage in an act,

21  practice, or course of business that operated or would operate

22  as a fraud or deceit upon a person; and

23  Third, that defendant acted knowingly, willfully, and

24  with the intent to defraud.

25  Finally, for Count Four, the object of the 371

1    conspiracy is a violation of Title 15, United States Code,

2    Section 78j(b) and 78ff and Title 17, Code of Federal

3    Regulations, Section 240.10b-5.  That's securities fraud.

4    There are three elements of securities fraud:

5         First, that in connection with the purchase or sale of

6    a security the proposed defendant:

7         (1) Employed a defendant scheme or artifice to

8    defraud;

9         (2) Made an untrue statement of material fact or

10   omitted to state a material fact, which made what was said

11   under the circumstances misleading; or

12        (3) Engaged in an act, practice, or course of business

13   that operated or would operate as a fraud or deceit upon a

14   purchaser or seller.

15        Second, the defendant acted knowingly, willfully, and

16   with intent to defraud; and

17        Third, that the defendant knowingly used or caused to

18   be used any means or instrument of transportation or

19   communication in the interstate commerce or the use of the

20   mails in furtherance of the fraudulent conduct.

21        And, finally, the government would have to prove by a

22   preponderance of the evidence venue.

23        THE COURT:  All right.  Thank you.

24        So, Mr. Wang, I want to make sure you understand that

25   if you were to go to trial on these charges the government

1    would need to prove each of the elements that were mentioned

2    beyond a reasonable doubt in addition to proving venue, but

3    that is a lower legal standard.

4            Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  So now I am going to discuss the maximum

7    penalties for this crime or these crimes.  The maximum penalty

8    means the most that could possibly be imposed.  It doesn't

9    necessarily mean it's the sentence you will receive.  But you

10   have to understand that by pleading guilty you are exposing

11   yourself to the possibility of receiving any combination of

12   punishments up to the maximums that I am just about to

13   describe.

14           So with respect to Counts One and Two, the maximum

15   terms of imprisonment for each of those crimes is 20 years in

16   prison.

17           Do you understand that?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Any term of imprisonment you do receive

20   may be followed by a term of supervised release of three years

21   on each count.  Supervised release means that if you are

22   sentenced to prison, after you are released from prison, you

23   will be subject to the supervision of the probation department.

24   You will be required to obey certain rules, and if you violate

25   those rules, you can be returned to prison without a jury trial

1   to serve additional time even beyond your original sentence.

2         Do you understand that?

3         THE DEFENDANT:  Yes, your Honor.

4         THE COURT:  You should also understand that there's no

5   parole in the federal system.  If you're sentenced to prison,

6   you will not be released early on parole, although there is a

7   limited opportunity to earn credit for good behavior.

8         Do you understand that?

9         THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  In addition to these restrictions on your

11  liberty, the punishment for these crimes includes certain

12  financial penalties.

13        The maximum allowable final for each count -- again,

14  we are talking about Counts One and Two -- is $250,000, twice

15  the gross pecuniary gain derived from the offense or twice the

16  gross pecuniary loss to persons other than yourself resulting

17  from the offense.

18        Do you understand that?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  There's also a mandatory special

21  assessment, or fee, of $100 for each of these crimes.

22        Do you understand that?

23        THE DEFENDANT:  Yes, your Honor.

24        THE COURT:  In addition, I must order restitution to

25  any persons or entities injured as a result of your criminal

1  conduct, and I can order you to forfeit all property derived

2  from the offense or used to facilitate the offense.

3         Do you understand that as well?

4         THE DEFENDANT:  Yes, your Honor.

5         THE COURT:  So now I am going to turn to Counts Three

6  and Four.

7         With respect to your liberty on each of those counts,

8  the maximum term of imprisonment for each count is five years.

9  Any term of imprisonment may be followed by a term of three

10  years of supervised release.  The maximum allowable fine is

11  again $250,000 on each count, twice the gross pecuniary gain

12  derived from the offense, twice the gross pecuniary loss to

13  persons other than yourself resulting from the offense,

14  whichever is higher.

15         Do you understand that?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  I am also, again, required to impose a

18  mandatory special assessment, or fee, of $100 on each of those

19  counts.

20         And, again, I must order restitution to any persons or

21  entities injured as a result of your criminal conduct and can

22  order you to forfeit all property derived from these offenses

23  or used to facilitate these offenses.

24         Do you understand that these are the maximum penalties

25  for Counts Three and Four?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  All right.  Do you understand in addition

3    that the total maximum sentence of incarceration on Counts One,

4    Two, Three, and Four of this information is 50 years in prison?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Is Mr. Wang now being prosecuted elsewhere

7    that we know of?

8           MR. ROOS:  No, your Honor.

9           THE COURT:  All right.  So, Mr. Wang, you should be

10   aware that the punishments that I have just described are those

11   that may be part of a sentence, but being convicted of a felony

12   may have other consequences.

13          Are you a United States citizen?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  All right.  Then you should understand

16   that, as a result of your guilty plea, you may lose certain

17   valuable civil rights to the extent that you have them now,

18   such as the right to vote, the right to hold public office, the

19   right to serve on a jury and the right to possess any kind of

20   firearm.

21          Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Now, I am going to talk about the

24   sentencing guidelines.  In imposing sentence, federal judges

25   are required to consider the recommendations of the federal

1    sentencing guidelines.

2            The guidelines are a complicated set of rules for

3    determining an appropriate sentence.  At one time they were

4    mandatory; judges were bound to follow them.  They are no

5    longer mandatory, but judges must nonetheless consider the

6    guidelines in determining an appropriate sentence, although

7    ultimately I am going to look to the factors set forth in a

8    provision of the law, 18 United States Code, Section 3553(a),

9    and impose a sentence that I believe best satisfies the

10    purposes of the criminal law as set forth in that statute, even

11    if it's higher or lower than the guidelines recommendation.

12            Do you understand all of that?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  Did you discuss the sentencing guidelines

15    with your attorneys?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  Do you understand that the guidelines are

18    only recommendations to the court?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  Okay.  Now, I understand that you have

21    entered into a written plea agreement with the government.  I

22    have what appears to be an original copy of that agreement.

23    It's dated December 18, and addressed to your attorneys,

24    Mr. Graff and Mr. Miller, and signed by various representatives

25    on behalf of the government.

```
1              I am marking it as Court Exhibit No. 1.

2              I am going to ask my law clerk, Mr. Fields, to show it

3    to you.

4              Is that your signature on the last page?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Before signing this agreement, did you

7    read it?  Did you read the entire agreement?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Did you discuss it with your attorneys?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  I recognize that it's a somewhat lengthy

12   document and it contains some technical and legal language, but

13   after discussing it with your attorneys, do you understand all

14   the terms of the agreement?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Okay.  I am going to ask the government to

17   summarize the primary terms of the agreement, please.

18             MR. ROOS:  Yes, your Honor.

19             So the first page through the second page of the

20   document describe the charges in the information, the

21   penalties, and the understanding that the defendant will be

22   pleading guilty to those.  Also on the second page are the

23   provisions relating to admitting the forfeiture allegations and

24   agreeing to pay restitution.  There is a requirement on page 2

25   relating to the defendant's agreement to cooperate with the
```

1    government.

2          There is on page 3 a discussion of what the defendant

3    will not be further prosecuted for, which includes a

4    description of the counts in the information as well as some

5    additional relevant conduct.

6          And then there are a series of additional provisions

7    through the remainder of the agreement that describe the

8    defendant's rights and certain rights that he is giving up by

9    pleading guilty.  As one of those I would just highlight, there

10   is a waiver of venue which appears actually on the second page

11   of the agreement.

12         THE COURT:  Okay.

13         Is all of that consistent, Mr. Wang, with your

14   understanding of this agreement?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Do you have any questions about the

17   agreement?

18         THE DEFENDANT:  No, your Honor.

19         THE COURT:  Okay.  All right.

20         I am just going to follow up on one or two terms.

21         I want to make sure that you understand it is up to

22   the government and not to me, not to the Court, to decide

23   whether any cooperation you provide has been productive enough

24   for the government to file what we call the 5K1 motion and

25   recommend a sentence below the sentence recommended by the

 1   sentencing guidelines.

 2              Do you understand that?

 3              That is up to the government.

 4              THE DEFENDANT:  Yes, your Honor.

 5              THE COURT:  But even if the government decides to make

 6   such a motion, it's going to be up to me to decide whether to

 7   give you credit for that cooperation and, if so, how much and

 8   how it should affect the sentence.

 9              Do you understand that?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  Okay.  Did you willingly sign this plea

12   agreement?

13              THE DEFENDANT:  Yes, your Honor.

14              THE COURT:  And are you willingly pleading guilty?

15              THE DEFENDANT:  Yes, your Honor.

16              THE COURT:  Has anyone threatened, bribed, or forced

17   you to sign the plea agreement or to plead guilty?

18              THE DEFENDANT:  No, your Honor.

19              THE COURT:  Other than what's in this agreement, has

20   anyone offered you any inducement to plead guilty?

21              THE DEFENDANT:  No, your Honor.

22              THE COURT:  Has anyone made any promise as to what

23   your sentence will be?

24              THE DEFENDANT:  No, your Honor.

25              THE COURT:  I ask that because I want to make sure you

1  understand that if anyone attempts to predict or has attempted

2  to predict what your sentence will be, that that prediction

3  could be wrong.

4          I say that because no one in this courtroom, not the

5  government, not your attorney, not even I know what your

6  sentence will be.  That won't be determined until a later date

7  after the probation department has drafted a presentence report

8  and I've done my own independent calculation of the guidelines

9  and I have reviewed whatever submissions I get from you and

10  your lawyer and the government as well as the presentence

11  report.

12          So I just want to make sure you understand that even

13  if your sentence is different from what you had hoped for or

14  expected you won't be allowed to withdraw your plea on that

15  basis.

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Okay.  You have not submitted a consent

19  order of forfeiture to date.

20          Is that correct?

21          MR. ROOS:  That's correct, your Honor.

22          THE COURT:  Okay.  I just wanted to make sure.  I

23  don't have that before me.

24          Okay.  So now that you have been advised, Mr. Wang, of

25  the charges against you and the possible pents you face and the

1    rights that you are giving up, is it still your intention to

2    plead guilty to these four charges?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  So now I am going ask you the official

5    question with respect to each count which is how do you plead,

6    guilty or not guilty?

7            So first with respect to Count One of the superseding

8    indictment, which is a conspiracy to commit wire fraud on

9    customers, how do you plead?

10           THE DEFENDANT:  Guilty, your Honor.

11           THE COURT:  Now, with respect to Count Two, wire fraud

12   on customers, how do you plead?

13           THE DEFENDANT:  Guilty, your Honor.

14           THE COURT:  With respect to Count Three, conspiracy to

15   commit commodities fraud, how do you plead?

16           THE DEFENDANT:  Guilty, your Honor.

17           THE COURT:  And with respect to Count Four, conspiracy

18   to commit securities fraud, how do you plead?

19           THE DEFENDANT:  Guilty, your Honor.

20           THE COURT:  And do you admit to the forfeiture

21   allegation that's in this information?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Okay.

24           So now tell me in your own words what you did that

25   makes you believe that you are guilty of these crimes.

1          THE DEFENDANT:  Between 2019 and 2022 --

2          THE COURT:  I am going to ask you to just speak very

3    slowly and very loudly.  It can be difficult to hear in this

4    courtroom because of the high ceilings.

5          Thank you.

6          THE DEFENDANT:  Between 2019 and 2022, as part of my

7    employment at FTX, I was directed to and agreed to make certain

8    changes to the platform's code.  I executed those changes,

9    which I knew would Alameda Research special privileges on the

10   FTX platform.

11         I did so knowing that others were representing to

12   investors and customers that Alameda had no such special

13   privileges and people were likely investing in and using FTX

14   based in part on those misrepresentations.

15         I knew what I was doing was wrong.  I also knew that

16   the misrepresentations were being made by telephone and

17   internet, among other means, and that assets traded on FTX

18   included some assets that the U.S. regulators regard as

19   securities and commodities.

20         THE COURT:  When you did this, did you know that what

21   you were doing was wrong and was illegal?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Would the government like to ask any

24   additional questions?

25         MR. ROOS:  No additional questions, your Honor.

1          The government would just proffer that there is a

2    basis for venue.  In addition to the waiver, there's wires that

3    go through the Southern District of New York, investors located

4    in the Southern District of New York.

5          THE COURT:  All right.

6          And, Mr. Graff, any objection to that?

7          I understand that you are waiving venue.

8          Is that correct?

9          MR. GRAFF:  That's correct, your Honor.

10         No objection.

11         THE COURT:  Okay.

12         Could the government please summarize what its

13   evidence would be if you were to go to trial against Mr. Wang.

14         MR. ROOS:  Certainly, your Honor.

15         It would consist of witness statements, Signal

16   communications and Slack communications, financial records, and

17   records from FTX in the form of code and database, among other

18   things.

19         THE COURT:  All right.

20         Do the government and defense counsel agree that there

21   is a sufficient factual predicate for the guilty plea?

22         MR. ROOS:  Yes, your Honor.

23         MR. GRAFF:  Yes, your Honor.

24         THE COURT:  Mr. Wang, because you acknowledge that you

25   are in fact guilty as charged in the information, and because

1    I'm satisfied is that you are aware of your rights, including

2    your right to go to trial, and that you are aware of the

3    consequences of your plea, including the sentence which may be

4    imposed, I find that you are knowingly and voluntarily pleading

5    guilty.  I accept your guilty plea to Counts One, Two, Three,

6    and Four of the information.

7              I know we need to talk about bail and a few other

8    things, but should we set a control date for sentencing at this

9    time?

10             MR. ROOS:  Yes, your Honor.  We would suggest a date

11   fairly significantly far out, but I think a control date is

12   fine.

13             THE COURT:  What would you propose?  Nine months?  A

14   year?

15             MR. ROOS:  A year probably.

16             THE COURT:  All right.

17             Mr. Fields, can you just look on the calendar.  And

18   just look at December 19 of next year and see if it is a

19   weekday, please.  Why don't we set a control date for December

20   19, 2023.

21             Now we have to talk about bail.  I understand that the

22   pretrial services does not have a written pretrial services

23   report, but would like to report that orally.  That is

24   something as a matter of course that is kept confidential.  So

25   my question is how would you like to present that to the Court

1    in light of the fact that that is normally a document that is

2    not publicly disclosed?

3         MS. ALVAYERO:  Your Honor, pretrial requests that the

4    report be done orally in chambers.

5         THE COURT:  Okay.  Is there any objection to that?

6         MR. GRAFF:  None from the defense, your Honor.

7         MR. ROOS:  That is fine, your Honor.

8         THE COURT:  Again, because this is a document that is

9    as a matter of course kept confidential and not publicly

10   disclosed, I think that is appropriate, but we are not going to

11   discuss anything else.  So why don't we go into my robing room

12   and the parties, Mr. Wang, his attorneys, and the government,

13   can all come as well.  That will be done orally on the record

14   with the court reporter.

15        Okay.  That will be sealed from the transcript.  I

16   understand we have another sealing issue down the line, but why

17   don't we deal with this one first.

18        MR. ROOS:  Your Honor, just two other matters?

19        THE COURT:  Sure.

20        MR. ROOS:  One is I think, since he waived indictment

21   and the information was therefore entered today, he technically

22   needs to be arraigned.  Your Honor already reviewed the

23   substance of the information, so we would just ask on the

24   record that the defendant waive the public reading, if he

25   chooses, of the information.

1          THE COURT:  Okay.  Sure.

2          So, Mr. Wang, I asked you at the beginning if you had

3     reviewed the information and discussed it with your attorney.

4          Do you waive its public reading?

5          Just so you know, you have a right to have me read it

6     oud loud in court.  Do you waive, or give up, that right such

7     that I won't read it publicly in court?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Okay.

10          Do you want to have this oral report with respect to

11     the pretrial services report and then come back into court, or

12     do you want to talk about sealing and then I will make my bail

13     determination.  I think I have to make my bail determination in

14     open court, so I intend to do that.  I could also do it in

15     written fashion.  It can be sealed, but it needs to be public,

16     and then I need to justify the sealing.

17          So do you have a suggestion for the order of events?

18          MR. ROOS:  I think your Honor was inclined to go back

19     now.  That's fine with us.  My colleague just pointed out that

20     I think your Honor maybe has something right after this.

21          THE COURT:  I have something at 12:20.  I have a hard

22     stop, but I am available until 12:15 really.  So I am available

23     for the next half hour.

24          MR. ROOS:  I guess, like, in the interest of maybe

25     just doing everything in the courtroom now, and then we can

1    conclude with whatever in chambers, although if your Honor

2    would prefer another way, that's fine.

3           THE COURT:  That is fine.  But either way we either

4    have to come back in, or you have to submit a letter to me with

5    the bail conditions.

6           MR. ROOS:  Right.  We can come back out then.

7           I think that's fine.

8           THE COURT:  All right.  Why don't we go in my robing

9    room.  Then we will come back, and if there are any, I

10   understand that there's consent on bail, but if anyone would

11   like to say anything on the record with respect to bail, they

12   will do so at that time.

13          All right.

14          (Pages 29 to 32 sealed)

15

16

17

18

19

20

21

22

23

24

25

 1          THE COURT:  Everyone can be seated.

 2          So the pretrial services report has been read to me

 3  orally as well as to the parties.  I understand from the

 4  agreement that the parties have reached an agreement and would

 5  like to make that proposal.

 6          Do you want to just do so orally now?

 7          MR. ROOS:  May I just confer with defense counsel?

 8          THE COURT:  Sure.

 9          MR. ROOS:  So, your Honor.

10          THE COURT:  On page 4 of the agreement.

11          MR. ROOS:  Correct.  On page 4 is the parties'

12  agreement, $250,000 personal recognizance bond.

13          So, combined, one financially responsible person,

14  travel restricted to the continental United States, the

15  defendant to surrender all travel documents and refrain from

16  making any new applications supervision as directed by pretrial

17  services, and adherence to all other standard conditions of

18  release, which I think are largely the conditions of pretrial

19  services.

20          There's one that I just discussed with defense

21  counsel, which is a proposal of no contact with codefendants or

22  other witnesses.  I think we are fine with the codefendant, no

23  contact with codefendant.  I think for, just based on some of

24  the people in the defendant's life, I think it will be

25  impractical to impose the condition of no contact with other

1    witnesses, so we would ask just that that condition be no

2    contact with codefendants.

3            THE COURT:  Okay.  All right.

4            Again, Mr. Graff, you are all right with adding that

5    condition?

6            MR. GRAFF:  Yes, your Honor.

7            THE COURT:  With respect to codefendants?

8            MR. GRAFF:  Yes, your Honor.

9            THE COURT:  All right.

10           That application is granted.

11           I think, as noted, it's consistent with what was

12    recommended by pretrial services.

13           Among other things, Mr. Wang has strong ties in the

14    community and no criminal history, among other things.  So I am

15    going to grant that request.

16           Now, Mr. Wang, you should understand that if you don't

17    appear for any court proceedings that you are ordered to appear

18    for or for sentencing you could be charged with a separate

19    crime of bail jumping and subject to an additional prison

20    sentence or fine in addition to whatever sentence you do

21    receive.

22           Do you understand that?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Okay.  You should also understand that if

25    you violate any condition of your release, a warrant for your

1    arrest may be issued.  The will lead to revocation of your bail

2    with forfeiture of the bond, the $250,000 bond that is being

3    executed on your behalf, as well as to your being detained and

4    that you could be prosecuted for contempt of Court.

5                 Do you understand that?

6                 THE DEFENDANT:  Yes, your Honor.

7                 THE COURT:  All right.  You should also understand

8    that if you commit any crime while on release, that may lead to

9    a more severe punishment than you would get for committing the

10   same crime and additional time -- at a different time I should

11   say.  In addition, you would be violating the agreement that

12   you signed with the government.

13                Do you understand that?

14                THE DEFENDANT:  Yes, your Honor.

15                THE COURT:  All right.

16                Finally, I will just note that it is a crime to try

17   and influence any juror or witness or any person who may have

18   information about the case or to retaliate against anyone who

19   may have provided information or otherwise attempt to obstruct

20   justice.

21                Do you understand that as well?

22                THE DEFENDANT:  Yes, your Honor.

23                THE COURT:  All right.  Thank you.

24                How long does Mr. Wang have to get the cosigner to

25   sign the bond?

1              MR. ROOS:  Two weeks.

2              THE COURT:  Okay.  That's fine.

3              Thank you.  All right.

4              So we have discussed bail.  I understand that there is

5    an application to seal today's transcript as well as to delay

6    docketing of the various documents as will as the transcript.

7              MR. ROOS:  That's correct, your Honor.  We submitted a

8    two-page letter dated today to your Honor.  We provided a copy

9    to defense counsel.

10             It asks for the sealing and delayed docketing for

11   today's proceeding until the later of either tomorrow at noon

12   or the presentment of codefendant Samuel Bankman-Fried,

13   whichever is later.

14             THE COURT:  Okay.  All right.

15             MR. ROOS:  At that time it these would all become

16   unsealed.

17             THE COURT:  That application is granted.

18             I will note that there are legitimate law enforcement

19   interests that support an order directing that these filings

20   and docket entries in this case be made under seal for that

21   period of time.  Exposure of any possible cooperation could

22   hinder law enforcement's ability to conduct and continue the

23   ongoing investigation as well as to further law enforcement's

24   other interests in connection with this prosecution.

25             Although there is a qualified right of public access

1   to court documents, the Second Circuit has recognized that

2   documents may be filed under seal to protect, among other

3   things, ongoing law enforcement efforts.  *See United States v.*

4   *Cojab* and *Haller*.

5           The Second Circuit has also recognized that even

6   docketing the applications to seal can be prejudicial, and in

7   such cases the applications themselves and related notes to the

8   docket could be sealed.  *See United States v. Alcantara*.

9           I am going to ask you to reach out to my chambers as

10  soon as these documents can be unsealed by way of letter, and

11  we will do so promptly.

12          Are there any other applications at this time?

13          MR. ROOS:  Not from the government, your Honor.

14          MR. GRAFF:  Nor from the defense.  Thank you, Judge.

15          THE COURT:  Thank you.  We are adjourned.

16          (Adjourned)

17

18

19

20

21

22

23

24

25