**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> -against- <br><br> SAMUEL BANKMAN-FRIED, et. al., <br><br> Defendants. | Case No. 1:22-cr-00673-LAK <br><br> ***ONUSZ* CLASS ACTION PLAINTIFFS' LIMITED (1) RESPONSE TO MDL PLAINTIFFS' ANCILLARY PROCEEDINGS PURSUANT TO 21 U.S.C. § 853(n); AND (2) LIMITED JOINDER TO FTX DEBTORS' AND FTX DIGITAL MARKETS' PETITION** |

Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar, plaintiffs in the putative class action adversary proceeding (the "*Onusz* Class Action Plaintiffs") pending before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") on behalf of victimized customer depositors of FTX.com and FTX US (together, "FTX") entitled *Onusz et al. v. West Realm Shires Inc. et al.*, Adv. Pro. No. 1:22-ap-50513 (JTD) (the "*Onusz* Adversary Class Action"), hereby file this limited:

(1) Response to the *Ancillary Petition for Rehearing to Adjudicate Validity of Legal Interest and Right to Forfeited Property Under 21 U.S.C. § 853(n)*, dated June 17, 2024 (ECF 454) (the "MDL Plaintiffs' Petition"), filed on behalf of the plaintiffs (the "MDL Plaintiffs") in *In Re: FTX Cryptocurrency Exchange Collapse Litigation* (MDL No. 3076) in the Southern District of Florida (the "FTX MDL"); and

(2) Joinder to the *Third-Party Movants FTX Debtors' and FTX Digital Markets' Verified Petition for Ancillary Proceedings Pursuant to 21 U.S.C. § 853(n)*, dated June 14, 2024 (ECF 450) (the "FTX Petition").

The *Onusz* Class Action Plaintiffs are interested parties in the property that is subject to the March 29, 2024 *Preliminary Order of Forfeiture/Money Judgment* (ECF 423) (the "Forfeited Property") and the Section 853(n) petitions (ECFs 446, 447, 450, 454) because they are each a customer who has unreturned digital assets and/or fiat currency on deposit at FTX at the time of its November 2022 bankruptcy. The *Onusz* Class Action Plaintiffs initiated the *Onusz* Adversary

Class Action in December 2022 seeking to recover the customer deposits that were misused by the FTX Insiders (including Samuel Bankman-Fried) to, among other things, obtain the Forfeited Property.[1] (*See* Exhibit A).

### (1)    Limited Response to the MDL Plaintiffs' Petition

The crux of the MDL Plaintiffs' argument before this Court is that, because they "have moved for preliminary approval . . . of several class action settlements with FTX Insiders and Promoters, including Defendant Sam Bankman-Fried" in the FTX MDL, "the MDL is best situated to distribute the [Forfeited Property]." (MDL Plaintiffs' Petition at 1). The MDL Plaintiffs likewise note that "the MDL has already settled claims the MDL Class had with SBF and Co-Defendants Caroline Ellison, Gary Wang, and Nishad Singh, each of whom is jointly and severally liable for the $8 billion Forfeited FTX Customer Assets derived from FTX customer funds, and administration of those settlements dovetails with the distribution of the forfeiture proceeds." (*Id.* at 4). There are three fundamental problems with these arguments.

*First*, the MDL Plaintiffs concede that their settlements with the FTX Insiders merely "obtained documents and information" and "an agreement not to object to the distribution of the forfeiture funds at issue here through the MDL." (*Id*. at 4). The settlements with the FTX Insiders do not provide any monetary recovery or any right to the Forfeited Property, so it is the proverbial "tail wagging the dog" to cite their nominal non-monetary settlements as a basis for distributing billions of dollars through the FTX MDL or to claim that administration of those non-monetary settlements somehow "dovetail" with administration and distribution of the Forfeited Property (*id*. at 27).

---

[1] The FTX Insiders are Samuel Bankman-Fried, Zixiao "Gary" Wang, Caroline Ellison and Nishad Singh.

The MDL Plaintiffs' massive overreach is underscored by Hon. Judge Moore's recent order on their motion for preliminary approval of the settlements calling into question whether he will "likely" be able to approve the settlements at all. Judge Moore's July 18, 2024 order notes that the "FTX Debtors argue in the Adversary Proceeding that the automatic stay provided in the Bankruptcy Code should be extended to the MDL FTX Insider and VC Actions because these actions 'assert claims that are property of the FTX Debtors' estate.'" (Exhibit B). Accordingly, Judge Moore's order requires the MDL Plaintiffs to file a response by August 1, 2024, to address, among other things "why [the FTX MDL] should not defer ruling on Plaintiffs' Motion for Preliminary Approval until after the issues raised in the Adversary Proceeding have been resolved by the Bankruptcy Court." (*Id*.).

*Second*, the in-doubt settlements upon which the MDL Plaintiffs rely to claim they should administer the Forfeited Property also seek to settle additional claims (other than those that belong to the FTX Debtors) that they neither control nor have the authority to settle. The MDL Plaintiffs' settlements purport to settle and release all claims by customers against Mr. Bankman-Fried and the other FTX Insiders, which include the *Onusz* Class Action Plaintiffs' putative class claims asserted in the Delaware Bankruptcy Court on behalf of customer victims. But significantly, both the MDL Panel and the Delaware Bankruptcy Court have already rejected efforts by the MDL Plaintiffs and FTX Insiders to sever and/or transfer the *Onusz* Class Action Plaintiffs' claims against the FTX Insiders to the FTX MDL to be combined with the MDL Plaintiffs' claims. (*See* Exhibits C, D, hereto). The MDL Panel found that the MDL Plaintiffs' attempt to take control of the *Onusz* Class Action Plaintiffs' claims failed to "account for the inefficiencies that likely would be caused by separating *Onusz* from the rest of the proceedings in the Delaware Bankruptcy Court." (Exhibit C at 2). The Delaware Bankruptcy Court likewise found that "[t]he most

convenient and expeditious means to adjudicate [the *Onusz* Class Claims] is to litigate them within the adversary proceeding before this Court." (Exhibit D at 3). The MDL Plaintiffs do not even try to hide that they are trying to hijack the customer claims in the Delaware Bankruptcy Court, as evident from the fact that the partial consideration for their settlements includes the FTX Insiders' "reasonable efforts to support the transfer of the claims against them in the *Onusz* Adversary Proceeding to this MDL" (FTX MDL ECF 565 at 8).

*Third*, in contravention of these previous rulings, the MDL Plaintiffs are still attempting to settle all claims against the FTX Insiders by customer victims who have unreturned assets that were on deposit at FTX at the time of the bankruptcy and to split the proceeds—which, if their petition is successful, will include the Forfeited Property—with *former* customers and purchasers of *any* FTX product at *any* time. In this regard, the MDL Plaintiffs' preliminary approval order seeks to certify an exceedingly broad settlement class defined as:

> All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT. To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

(FTX MDL ECF 565 at 9).

The parties before the bankruptcy court have already crafted a comprehensive settlement of the customer property issues that make the recovery and distribution of customer funds a priority and that settlement has already been fully incorporated into the court-approved disclosure statement and proposed plan, confirmation of which will be before the Delaware Bankruptcy Court

in early October.[2]  Recovery of the unreturned assets that were misappropriated by the criminal FTX Insiders is a material part of that process and the appropriate place to distribute the Forfeited Property is through the well-developed and ongoing claims administration for customer and creditor claims in the Delaware Bankruptcy Court.  There is simply no rational basis for the MDL Plaintiffs to overreach both to attempt to include FTX customer claims in any settlement and to claim they should receive and administer the Forfeited Funds.

Moreover, it would be manifestly unjust to customers with unrecovered assets for the MDL Plaintiffs to commingle recovered customer funds with money recovered on far more speculative, vastly different, and weaker, claims.  If the MDL Plaintiffs wish to distribute any recovered proceeds from claims against the celebrity promoters and other third-party defendants in the FTX MDL—to date, the MDL Plaintiffs have recovered $1,359,485 (FTX MDL ECF 565 at 2)—with former customers who merely purchased tokens or other unregistered securities from FTX, or used the FTX exchanges but did not have unreturned money or digital assets on deposit at the time of the bankruptcy, so be it.  But the missing customer deposits and the Forfeited Property that was acquired using those missing customer deposits must exclusively go back to the current customer victims on a *pro rata* basis.  For this reason, the *Onusz* Class Action Plaintiffs have joined the FTX Debtors' pending motion before the Delaware Bankruptcy Court to stay or enjoin the MDL Plaintiffs' action against the FTX Insiders.  (Exhibit E.)

### (2)    Limited Joinder to the FTX Petition

As stated above, even if the FTX MDL court approves their non-monetary settlement with Mr. Bankman-Fried or the other FTX Insiders despite the FTX Debtors' motion to stay those

---

[2] *See In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD), ECF 3291 Ex. A; ECF 19139 at 48-49; ECF 19143 at 43; ECF 19150.

proceedings (which Judge Moore's recent order calls in to significant doubt),[3] it does not follow that the billions of dollars should be administered through the FTX MDL.  To the contrary, to ensure efficient and fair distribution to customer victims, any such distribution of Forfeited Property (minus any holdback required by the Department of Justice for the benefit of the victims of the crimes committed by Mr. Bankman-Fried who are not expected to receive any recovery through the bankruptcy) should go through the FTX bankruptcy administration before the Delaware Bankruptcy Court (along with any recovery resulting from the *Onusz* Adversary Class Action).

Accordingly, the *Onusz* Class Action Plaintiffs join in the FTX Petition based on their agreement with the FTX Debtors that "[d]istributing the value of the Specific Property to the more than 1 million victims of Bankman-Fried's criminal scheme . . . through the Debtors' existing claims administration architecture and processes will maximize the funds available for distribution by minimizing the incremental administrative and professional costs."  (FTX Petition at 16, 17).  There is already a well-established claims process in the Chapter 11 proceedings before the Delaware Bankruptcy Court to return funds to current customer victims and, to a lesser extent, other creditors that were previously carefully negotiated and approved.  Distribution through the FTX MDL, by contrast, would mean that, in addition to complex questions of which of the endless class members in that proceeding should recover what, there would be an entirely new claims process outside of the bankruptcy.  Current customer claimants and creditors should not have to pay for all the costs that would entail, if it is even possible for the MDL Plaintiffs to fairly make such determinations.

---

[3] *See FTX Trading Ltd. v. Chernyavsky et al.*, Adv. Pro. No. 24-50072-JTD (Bankr. D. Del.), ECF 2.

The *Onusz* Class Action Plaintiffs reserve their right to make additional arguments based on the content of the Petitioners' or Government's future submissions and/or oral argument, if any.

Dated:  July 26, 2024

ENTWISTLE & CAPPUCCI LLP

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle, Esq.
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

-and-

Robert N. Cappucci, Esq.
Joshua K. Porter, Esq.
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone: (212) 894-7200
rcappucci@entwistle-law.com
jporter@entwistle-law.com

*Counsel for Plaintiffs Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar*