USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ZIXIAO (GARY) WANG,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/MONEY JUDGMENT

S1 22 Cr. 673 (LAK)

WHEREAS, on or about December 19, 2022, ZIXIAO (GARY) WANG, (the "Defendant"), was charged in a four-count Sealed Superseding Information, S1 22 Cr. 673 (LAK) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two); conspiracy to commit commodities fraud, in violation of Title 18, United States Code, Section 371 (Count Three); and conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about, December 19, 2022, the Defendant pled guilty to Counts One through Four of the Information, pursuant to an agreement with the United States, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information, and agreed to forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $11,020,000,000 in United States currency, for which the Defendant is jointly and severally liable with co-defendants Samuel Bankman-Fried, Caroline Ellison, and Nishad Singh ("Co-Defendants") and the forfeiture money judgments entered against them in this case for the offenses charged in Counts One and Two of the Information, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the following assets of the Defendant as property constituting proceeds faceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained:

(a) $605,694,411.59 in United States currency representing the sale proceeds

of 55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," formerly held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023 (the "Robinhood Share Proceeds")

(the "Specific Property");

WHEREAS, the Defendant has completed a financial affidavit which was provided to the United States on or about May 9, 2024, and the Defendant has sworn, under penalty of perjury, that this affidavit is a true and accurate description of her current finances;

WHEREAS, the Defendant agrees to liquidate the brokerage account at Vanguard referenced in his financial affidavit (the "Vanguard Account"), and to liquidate the account at Coinbase referenced in his financial affidavit (the "Coinbase Account"), and transfer all proceeds from the Vanguard Account and the Coinbase Account, except for the deduction of any capital gains tax payable, as a payment to the United States (the "Payment") by the date of the Defendant's sentencing in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, with the exception of the Specific Property, cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Danielle Kudla, Thane Rehn, Nicolas Roos, and Danielle Sassoon, of counsel, and the Defendant, and his counsel, Ilan T. Graff, Esq. and Alex Miller, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the

Information, to which the Defendant pled guilty, a money judgment in the amount of $11,020,000,000 in United States currency (the "Money Judgment"), for which the Defendant is jointly and severally liable with the Co-Defendants and the forfeiture money judgment entered against them in this case, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The Defendant shall make the Payment to the United States and execute all necessary documentation to effect the Government's forfeiture of the Specific Property before the date of his sentencing. In the event the Government requests that the Defendant execute documentation to effect the Government's forfeiture of the Specific Property after the date of his sentencing, the Defendant agrees to execute that documentation promptly.

5. All payments on the outstanding Money Judgment, including the Payment, shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance & Money Laundering Unit,

26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Pursuant to Title 21, United States Code, Section 853(n)(I), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of additional substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. The Defendant further agrees to assign to the Government any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of Information relating to conduct alleged in the Information (the "Assignment"). For the avoidance of doubt, the Assignment shall not be construed to include profits or proceeds from publications or disseminations predominantly on other topics which contain incidental references to the conduct alleged in the Information. The Assignment shall include all profits and proceeds for the benefit of the Defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the Defendant's associates or a current or future member of the Defendant's family. The Defendant shall not circumvent the Assignment by assigning the rights to his story to an associate or to a current or future member of the Defendant's family, or to another person or entity who would provide some financial benefit to the Defendant, to the Defendant's associates, or to a current or future member of the Defendant's family. Moreover, the Defendant shall not circumvent the Assignment by communicating with an associate or a

family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

13. Upon receipt of the Payment and the entry of a final order of forfeiture for the Specific Property, provided there are no successful third-party petitions for the Specific Property, the United States shall accept the Payment, the Specific Property and the Assignment in full satisfaction of the Money Judgment. This paragraph will be deemed not operative, and the United States will be free to enforce the entirety of the outstanding Money Judgment, if any information in the financial affidavit completed by the Defendant was false or incomplete as of July 10, 2024, if the Defendant fails to make the Payment prior to the date of his sentencing, or if the Defendant in any way inhibits the Government's seizure, custody, or disposal of the Specific Property, including by failing to support any motion by the Government for interlocutory sale or violates the terms of the Assignment.

14. If the Defendant makes the Payment, executes all necessary documentation to effect the Government's forfeiture of the Specific Property before the date of his sentencing (or after the date of his sentencing, if the Government so requests), the Court enters a final order of forfeiture for the entirety of the Specific Property, and Defendant does not violate the Assignment, the United States agrees not to take any action pursuant to Title 21, United States Code, Section 853(p), seeking the forfeiture of additional substitute assets of the Defendant. If the Defendant fails to make the Payment, execute all necessary documentation to effect the forfeiture by the Government by the date of his sentencing (or after the date of his sentencing, if the Government so requests), support any motion by the Government for interlocutory sale, or the Court does not enter a final order of forfeiture for all of the Specific Property, the United

States may take action pursuant to Title 21, United States Code, Section 853(p) up to the entirety of the outstanding Money Judgment.

15. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

17. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____      11.20.2024
Danielle Kudla                                DATE
Thane Rehn
Nicolas Roos
Danielle Sassoon
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2304 / 6519 / 2354 / 2421 / 1115

ZIXIAO (GARY) WANG

By: _____      11-20-2024
Zixiao (Gary) Wang                            DATE

By: _____      11/20/24
Ilan T. Graff, Esq.                           DATE
Alex Miller, Esq.
Attorneys for Defendant
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

SO ORDERED:
_____            11/20/24
HONORABLE LEWIS A. KAPLAN                     DATE
UNITED STATES DISTRICT JUDGE